THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HELIO J. LEAL DE LA HOZ,

Plaintiff,

v.

KLEEN-TECH SERVICES CORPORATION,

Defendant.

CASE NO. C17-1579-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to appoint counsel (Dkt. No. 7). *Pro se* Plaintiff Helio J. Leal de la Hoz has been granted leave to proceed *in forma pauperis* in this matter (Dkt. No. 5), and asks the Court to appoint him counsel (Dkt. No. 7). Plaintiff first filed this complaint against Defendant on October 24, 2017. (Case No. C17-1579-JCC, Dkt. No. 1.) This Court dismissed the complaint without prejudice, finding that Plaintiff failed to state a claim upon which relief could be granted.[1] (*Id*. at Dkt. No. 9.) Plaintiff re-filed his complaint on March 5, 2018, addressing the issues raised by the Court in its prior dismissal.[2] (Dkt. Nos. 1-2,

---

[1] The Court issued an order advising Plaintiff of the complaint's deficiencies and providing an opportunity to amend, but he failed to respond within the allotted time. (Case No. C17-1362-JCC, Dkt. Nos. 8, 9.)

[2] Plaintiff's newly-filed complaint details why he could not timely respond to the Court's order to show cause. (Dkt. No. 1-2 at 3.) The Court is understanding of Plaintiff's hardships, but notes that the prior complaint was not dismissed solely because Plaintiff did not meet its 21-day amendment deadline; without amendment, the complaint failed to state an actionable claim.

1-3.) Summons has not yet been issued. The Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff re-alleges the facts asserted in his prior complaint. (*Compare* Case No. C17-1579-JCC, Dkt. No. 1-1, *with* Case No. C18-0341-JCC, Dkt. No. 1-2.) Plaintiff asserts that Defendant, his former employer, wrongfully withheld wages from his paycheck. (Dkt. No. 1-2 at 2.) Plaintiff also asserts that the Colorado Department of Labor investigated this issue and ultimately awarded him the unpaid wages and a monetary penalty. (*Id.*) Plaintiff attached documents to his complaint that show Defendant paid him the wages and monetary penalty. (Dkt. Nos. 1-4, 1-11, 1-12.)

Notwithstanding the apparent administrative resolution of his claim, Plaintiff asserts that Defendant still owes him the unpaid wages because he "could have incurred in debt" an amount equal to the unpaid wages "counting on his wages" being paid. (Dkt. No. 1-3 at 1.) Additionally, Plaintiff asserts that Defendant owes him "the value in dollars of the time spent resolving this matter . . . i.e. the time spent resolving this matter as equivalent to hourly attorney fees, FRCP 54(d)(2)(A-C)." (*Id.*) Plaintiff claims he has spent over 4000 hours litigating this claim and seeks millions of dollars in attorney fees. (*Id.* at 2.) Finally, Plaintiff asks the Court to impose exemplary damages totaling $100,000,000. (*Id.*)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim is frivolous if it "lacks an arguable basis in fact or law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff has not alleged facts that demonstrate his claim for relief is plausible. By Plaintiff's own admission, Defendant made payments that "take care of unpaid wages and penalties imposed by the Colorado Department of Labor." (Dkt. No. 1-2 at 2.) Plaintiff's claim that he "could have incurred debt amounting to [the original amount owed] counting on his wages" is entirely hypothetical and does not give rise to a plausible inference that Defendant is liable for misconduct. *Iqbal*, 556 U.S. at 678. Plaintiff cites to Federal Rules of Civil Procedure 54 and 56, but neither of those rules provide a cause of action.

Plaintiff's request for "the value in dollars of the time spent resolving this matter . . . i.e. the time spent resolving this matter as equivalent to hourly attorney fees" is not supported by the law. Unless specified by a statute, a *pro se* plaintiff is not entitled to an award of attorney fees. *See Gonzalez v. Kangas*, 814 F.2d 1411, 1411–12 (9th Cir. 1987) (collecting cases finding that a *pro se* civil rights litigant is not entitled to attorneys' fees under 42 U.S.C. § 1983). An award of attorney fees is a remedy, not a cause of action, and Plaintiff cites no statute or precedent to suggest he is entitled to such fees. Finally, Plaintiff's claim for $100,000,000 in exemplary damages is facially frivolous. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("[F]ew awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.").

Plaintiff's additional allegations are facially frivolous and do not support a claim for relief. (*See generally*, Dkt. Nos. 1-7, 1-8, 1-9) (Discussing how plaintiff has been the victim of "social engineering based intervention" intended to steal his property, and that he has responded by filing or reporting "over 50 complaints with different legal agencies around the world.") In short, Plaintiff's complaint suffers from the same deficiencies as his first complaint, in that he fails to allege plausible facts or identify a cognizable legal theory that support his claims. Even in applying the Ninth Circuit's directive to construe *pro se* complaints liberally, the Court cannot find that Plaintiff has stated a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

1 In its earlier order, the Court gave Plaintiff 21 days to file an amended complaint in order to fix the above-mentioned deficiencies, but he failed to do so. (Case No. C17-1579-JCC, Dkt. Nos. 8, 9.) Based on the facts in the record, the Court determines that further amendment will not cure the deficiencies in Plaintiff's claims. Therefore, the Court DISMISSES Plaintiff's complaint with prejudice and without leave to amend. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (a court need not grant leave to amend where amendment would be futile). Plaintiff's motion for appointment of counsel (Dkt. No. 7) is accordingly DENIED as moot. The Clerk is DIRECTED to close this case.

The Clerk shall send a copy of this order to Mr. de la Hoz at 77 S. Washington Street, Seattle, Washington 98104.

DATED this 14th day of March 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE